UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SONYA PITTMAN,

vs.                               Case No.:  4:21cv388-MW/MAF

WARDEN STRONG,
FCI TALLAHASSEE,
    Defendant.

___

**REPORT AND RECOMMENDATION**

This matter is before the court upon Petitioner Sonya Pittman's petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging a federal Bureau of Prisons (BOP) disciplinary proceeding and the resulting loss of good conduct time.  ECF No. 1.  The Government has responded in opposition to the petition.  ECF No. 8.  Petitioner did not file a reply, and the time to do so has now elapsed.[1]

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding

___

[1] The undersigned notes that BOP records reflect Petitioner is no longer housed at FCI Tallahassee, although she has not filed a notice of change of address with the court.  It is Petitioner's responsibility to keep the court apprised of her current address, and failure to do so could, alone, subject her case to dismissal.  Additionally, the undersigned notes that Petitioner's transfer does not affect this court's jurisdiction, which attaches on the initial filing for habeas corpus relief and is not destroyed by a subsequent transfer and custodial change.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004); *Lee v. Wetzel,* 244 F.3d 370, 375 n.5 (5th Cir. 2001); *Santillanes v. United States Parole Commission,* 754 F.2d 887, 888 (10th Cir. 1985).

dispositive matters.   *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).   After careful consideration, the undersigned concludes relief is not warranted and recommends that the § 2241 petition be denied.

## Background and Procedural History

Petitioner Sonya Pittman is an inmate in the custody of the BOP serving a 20-year sentence after pleading guilty to possession with intent to distribute methamphetamine in the Southern District of Alabama.   *See United States v. Pittman*, 718 F. App'x 767 (11th Cir. 2017).

In the instant petition, she claims that her due process rights were violated in conjunction with a prison disciplinary hearing.   Petitioner admits assaulting another inmate on October 30, 2020, while she was incarcerated at FCC Coleman Low.   ECF No. 1-1 at 1.   She complains she did not receive an incident report until December 22, 2020, and she was not DHO sanctioned until January 27, 2021.   ECF No. 1 at 3.   She further contends that no DHO packets or reports exist.   As relief, she requests that the court "dismiss the charge 224 assaulting without serious injury."   *Id.* at 6.

Attached to the petition are numerous documents related to the incident and Petitioner's attempts at exhaustion of her administrative

remedies.  Respondent's answer also includes numerous exhibits.  The documents will be identified in chronological order, rather than the order presented.

An Incident Report (IR) was prepared on October 31, 2020 regarding the October 30, 2020 assault.  ECF No. 1 at 11.  The IR reflects that Pittman self-reported that she had assaulted another inmate, although there were no staff witnesses.  *Id.*  The copy of the IR Pittman submitted with her petition does not reflect the date it was delivered to her.  *Id.*  However, the copy of the same IR submitted with the Government's response reflects that it was delivered to Pittman by "C. Byrd" on December 22, 2020.  ECF No. 8-2 at 1.

Part III of the IR provides details about the investigation.  Pittman was advised of her rights on December 22, 2020, and, after being advised of her right to remain silent, she admitted her wrongdoing to C. Byrd.  ECF No. 8-2 at 3.  In the portion of the form allotted to provide "Other facts about the incident…" it states "Original IR was not served within 24 hrs. Nothing new found during investigation.  IR was updated and a copy was given to the inmate."  *Id.*  The investigation began on December 22, 2020 at 18:42 hours and concluded at 18:55 hours with a finding that the IR was justified.

Page **4** of **11**

*Id.* Byrd provided the IR to Pittman on this date and forwarded the report to the Unit Discipline Committee (UDC).

Section II of the Incident Report reflects that the UDC met on December 31, 2020. ECF No. 8-2 at 2. Petitioner had no comment regarding the incident to the committee, which referred the IR to the DHO based on the severity of the charges against Pittman that required further hearing and sanctioning at the DHO level. ECF No. 8-2 at 2. The Committee recommendation was 27 days loss of good conduct time, 120 days loss of Commissary and email, and twenty days of disciplinary segregation.

The DHO Report, dated January 27, 2021, reiterates that Pittman received advanced written notice of the charge on December 22, 2020 and she had been advised of her rights on December 31, 2020. ECF No. 8-1 at 1. A copy of the advisement of rights forms was noted to be attached. The DHO Report also acknowledged the delay in process, explaining "Referral to FBI/AUSA-also required a rewrite." *Id.* Pittman waived her right to a staff representative, admitted she was guilty of the charge of assaulting without serious injury, and presented neither witnesses nor documentary evidence to the DHO. ECF No. 8-1 at 1-2. The DHO report specifically states:

Case No.: 4:21cv388-MW/MAF

> Your due process rights were reviewed with you by the DHO at the time of the hearing. You stated you understood your rights and had no documentary evidence to present. You did not request any witnesses or the services of a staff representative to assist you at the hearing. You indicated to the DHO you were ready to proceed with the hearing.

ECF No. 8-1 at 2. The DHO Report also noted "the incident report was served late due to investigation being approved by administration on the weekend and the[n] requiring a rewrite." *Id.* Pittman was found guilty based on her admissions, as well as photos and medical assessments detailing the injuries the other inmate received and the lack of evidence supporting a finding that Pittman did not commit the assault. *Id.* at 3. Pittman's sanction was the loss of visitation and commissary privileges for 120 days, seven days in disciplinary segregation, and the loss of 14 days of good conduct time.[2] *Id.* The DHO was delivered to Pittman on February 4, 2021. *Id.*

Petitioner filed a Regional Administrative Remedy Appeal on March 18, 2021. ECF No. 1 at 8. She states:

> I was told by staff here I need to bypass 9. I was in an altercation on Oct. 30, 2020. I did not receive shot until 12-22-20. 53 days. Paperwork states there was an investigation. I

---

[2] This sanction was less severe than the Committee recommendation. ECF No. 8-2 at 2.

> pled guilty.  I was honest the day it happened.  I self-reported the assault.  There was no need for investigation.  Because of delay I am asking shot and punishment be dropped.

ECF No. 1 at 8.

On April 7, 2021, her Regional Administrative Remedy Appeal was denied.  The response stated in relevant part:

> You allege your due process rights were violated.  Specifically, there was a delay in delivering the incident report.  After a review of the paperwork it has been determined there was a delay in the discipline process.  The reason for the delay was explained in your DHO report.  Furthermore, there was no violation of your due process rights.  The required disciplinary procedures were substantially followed, the evidence supports the DHO's finding, and the sanctions were appropriate for the offense.

(ECF No. 1 at 7.)

On May 10, 2021, Pittman filed a Central Office Administrative Remedy Appeal, again claiming a violation of her due process rights.  She stated:

> The reason given for delay was untrue.  I was honest the day of assault.  There was no need for delay regarding investigation.  I was taken to a county jail the day of incident.  I was not advised of rights on 12-21-20 by Paula Floyd (DHO report I.C).  After being in county for over a month with no response to questions about shot I wrote to warden Lane asking why.  Some weeks later Lt. C. Byrd came to county and served shot.  That is the first time I saw anyone in person.  She gave no reason for delay. DHO was done over the phone a month later.  Again no reason for delay was given.  I never received anything in writing regarding delay until I was given DHO report when I arrived back

> in/at Coleman for transfer purposes in March. And any phone call between myself and Floyd or other staff (Ruiz) when I asked about Shot I was told they did not know anything at that time.

ECF No. 1 at 10.

Pittman's Appeal was denied via a response dated July 22, 2021 by the Administrator of National Inmate Appeals. It stated in part as follows:

> The DHO's decision was based upon the evidence detailed in Section V of the DHO report. We find the determination of the DHO is reasonable and supported by the evidence. Your Due Process rights were upheld during the discipline process. The sanctions imposed were commensurate to the severity level of the offense committed and in compliance with policy.

ECF No. 1 at 9.

Pittman filed her petition for writ of habeas corpus on September 10, 2021. She claims the IR should be expunged because 1) her due process rights were violated because of delays in processing the IR; and 2) no DHO packet exists or can be found in her central file. She asks that the court dismiss the charge of assaulting without serious injury. The undersigned notes that the practical effect of this would be to restore fourteen days of good conduct time, because Pittman has served all of her other sanctions. The Government concedes that this court has subject matter and personal jurisdiction over this action, that venue is proper, and that Pittman has

exhausted her administrative remedies. It nonetheless argues that no relief is warranted.

## Analysis

### Ground 1: Due Process Violation

To state a cognizable claim for the denial of due process in connection with prison discipline, a prisoner must show a protected liberty interest of which she was deprived without minimum procedural protections. *Dean-Mitchell v. Reese*, 837 F.3d 1107, 1112 (11th Cir. 2016) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974)). A federal inmate has a liberty interest in earned GCT credits and, accordingly, must receive due process before those credits are revoked as a result of prison discipline. *See Wolff*, 418 U.S. at 557-58. The Eleventh Circuit has explained:

> In *Wolff*, the Supreme Court held that minimum due process protections in the context of a prison disciplinary hearing include the following: (1) advance written notice of the charges against the inmate (in this case, the Incident Report); (2) an opportunity for the inmate to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and correctional goals; and (3) a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action (here, the DHO report). *Id*. at 563-67 . . . ; O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011).

*Dean-Mitchell*, 837 F.3d at 1112. As reflected in the attachments to

Respondent's answer, Pittman received the requisite procedural due process protections. *See* ECF Nos. 8-1– 8-3. In particular, the record reflects that Pittman signed a form indicating she was advised of her rights and understood those rights, including receiving a written copy of the incident report/charges, the right to have a staff representative, the right to call witnesses and present documentary evidence, the right to present a statement or remain silent, the right to know of the DHO's decision and the facts supporting same as well as a written copy thereof, and the right to appeal the DHO's decision pursuant to the Administrative Remedy Procedure within 20 calendar days. ECF No. 8-2 at 3, ECF No. 8-3.

The inquiry does not end here. The U.S. Supreme Court has held that "revocation of good time does not comport with the 'minimum requirements of procedural due process' unless the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985). The Court explained:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board.

*Id*. at 455 (emphasis added); *see, e.g.*, *Young v. Jones*, 37 F.3d 1457, 1460 (11th Cir. 1994) (explaining that federal courts should not be "judging and reweighing the evidence presented in a prison disciplinary hearing"; rather, the "role of this court is to determine whether an inmate receives the procedural protections provided by *Wolff* and whether 'some evidence' exists which supports the hearing officer's determination"). The DHO's conclusion that Pittman was guilty of the charge was amply supported by her own admissions.

In sum, there was neither a procedural nor a substantive due process violation, and relief is not warranted on Ground One.

### Ground 2: Missing DHO Packet

Pittman also claims she is entitled to relief because no DHO packet exists or can be found in her central file. She asserts that only the IR is in her file. Despite her representation, the Respondent has provided copies of what appear to be all documents relevant to the IR and the DHO report. Thus, Pittman's suggestion that the documents are missing is mistaken. The alleged loss of the DHO from her central file does not provide her with a basis for relief.

### Recommendation

Based on the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 30, 2022.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.